FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 15 2015

JAMES W. McCORMACK, CLERK
By: ________ DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

KRISTY PENNER

Plaintiff,

-against-

MIDLAND FUNDING, LLC
A California Corporation

Defendant.

Civil Action No. 4:15-cv-35-JM

**JURY TRIAL DEMANDED**

This case assigned to District Judge Moody
and to Magistrate Judge Young

## ORIGINAL COMPLAINT

Plaintiff, Kristy Penner (Penner), by her undersigned counsel brings this action against Midland Funding, LLC (Midland), and states:

## STATEMENT OF JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k(d) and 28 U.S.C. §1367 for pendant State law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. and violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-107(a)(10).

3. The acts and events complained of in this Complaint occurred within Enola, Faulkner County, Arkansas.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5. The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6. Penner is a resident of Enola, Faulkner County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7. At the time of the incident described further herein, Midland was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8. Midland is being served via its registered agent:

Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR 72201

## FACTUAL BACKGROUND

9. The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10. Midland filed a lawsuit against Penner in the District Court of Faulkner County, Arkansas on October 1, 2014 alleging a consumer debt.

11. The lawsuit and attached affidavit alleges Penner defaulted on a credit card account obligation with the original creditor, WebBank/Fingerhut Credit. A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

12. Midland asserted it purchased and was assigned the account.

13. The Complaint filed by Midland, and the attached affidavit, reflect an amount due of $2,000.89.

14. According to the account statement made a part of Midland's lawsuit against Penner, the amount allegedly owed by Penner contains charges for interest as well as fees charged in 2013.

15. The lawsuit filed by Midland references the "terms of the account." However, no account agreement is attached to the lawsuit on which Midland bases its claims. Because no contract is attached, the relief requested contains amounts not authorized by contract in violation of **15 U.S.C. §1692f(1).**

16. The Complaint further requests costs and for all other proper relief.

17. Because "costs and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1).**

18. By not attaching the agreement upon which it is suing, Midland is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A).**

19. By not attaching the agreement upon which it is suing, Midland is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f.**

20. Midland has attached no contractual authorization from the original creditor that the original creditor was authorized to assign, transfer or sell Penner's account; therefore, Midland is in violation of **15 U.S.C. §1692e(5)** as Midland has evidenced no standing to sue

Penner and is taking action it cannot legally take.

21. Midland is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Penner and any creditor.

22. At the time it commenced the action against Penner, Midland possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5).**

23. Midland failed to send Penner written notice, within five days after its initial communication, containing the information required under **15 U.S.C. §1692g(a).**

24. Midland's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

25. Midland's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. The averments set forth in paragraphs 1-25 are adopted herein and incorporated as if set forth word for word.

27. Midland is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

a. 15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

b. 15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

      c. 15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

d. 15 U.S.C. §1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

e. 15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

f. 15 U.S.C. §1692g(a): Failure to send written notice, within five days after Midland's initial communication, containing the information required by law.

**VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT**

28. The averments contained in paragraphs 1-27 are hereby incorporated as if set forth word for word.

29. By seeking relief in amounts not authorized by contract or otherwise, Midland is engaged in false and deceptive acts pursuant to Ark. Code Ann. §4-88-107(a)(10).

30. By initiating collection activities against Penner without standing to do so, Midland was engaged in false and deceptive acts pursuant to Ark. Code Ann. §4-88-107(a)(10).

**DAMAGES**

31. The averments set forth in paragraphs 1-30 are adopted herein and incorporated as if set forth word for word.

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Penner is entitled to the following damages:

a. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

    c. actual damages pursuant to 15 U.S.C. §1692k(a)(1) for mental anguish, stress and humiliation.

d. actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

**DEMAND FOR JURY TRIAL**

33. The averments set forth in paragraphs 1-32 are adopted herein and incorporated as if set forth word for word.

34. Penner demands a jury trial on all issues so triable.

**PRAYER**

WHEREFORE, Penner prays that:

1. She be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);
2. She be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);
3. She be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).
4. She be granted actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

Respectfully submitted,

By: ______________________

J.R. Andrews, Esq. ABN 92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

and

By: ______________________

Todd Wooten, Esq. ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 72202
Telephone: (501) 218-6064
todd@wootenlaw.net

Attorneys for Plaintiff

District Court of ... County ... D.C.

**IN THE STATE COURT OF FAULKNER COUNTY, ARKANSAS**
**CIVIL DIVISION**

**MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO WEBBANK/FINGERHUT CREDIT** **PLAINTIFF**

**VS.** **Case No.** 0WCV-14-750

**KRISTY PENNER**
**104 HIGHWAY 310**
**ENOLA, AR 72047** **DEFENDANT(S)**

---

# COMPLAINT

---

**COMES NOW** MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO WEBBANK/FINGERHUT CREDIT (the "Plaintiff"), by and through its attorneys, Finkelstein, Kern, Steinberg, & Cunningham, and for its complaint against KRISTY PENNER (the "Defendant(s)"), states:

1. Jurisdiction and venue is proper because the Defendant(s) reside in this county.
2. The Plaintiff is owed by the Defendant(s) a debt on credit account number XXXX-XXXX-XXXX-0926.
3. The Plaintiff acquired the debt on this account from the originator of the account or its assignee evidenced by the sworn statement attached and incorporated by reference Exhibit A.
4. The Plaintiff has all rights and remedies to this debt.
5. The Defendant(s) received a credit card for the above-referenced account.
6. By virtue of using this credit card, the Defendant(s) agreed to make all payments and pay all charges assessed to the account according to the terms of the account. See attached and incorporated by reference Exhibit B.
7. Defendant(s) failed to make payment on the account pursuant to the terms of the account, and there is an outstanding balance due, after the giving of all credits, in the sum of $2,000.89 on the account as evidenced by the sworn account attached and incorporated by reference Exhibit C. Plaintiff also seeks costs.
8. This account is now past due and remains unpaid, despite the demands of Plaintiff.

**WHEREFORE**, Plaintiff prays for a judgment against the Defendant(s) in the amount of $2,000.89, for its cost incurred in this matter, and for all other proper and legal relief to which it may be

EXHIBIT
1
tabbies
193

entitled.

Respectfully submitted,

Finkelstein, Kern, Steinberg & Cunningham
Address: P. O. Box 1
Knoxville, Tennessee 37901
Phone: (865) 525-0238
Fax: (865) 523-5138

By: ______________________

Matthew Kezhaya
ABN 2014161
Attorney for Plaintiff

1938381

Filed in District Court of
Faulkner County
10-1-14 , D. C.

**EXHIBIT**
ASSIGNMENT AND BILL OF SALE

Bluestem Brands, Inc., formerly known as Fingerhut Direct Marketing, Inc. ("Seller") has entered into a Purchase Agreement ("Agreement") dated, January 24, 2013 for the sale of Accounts, described in Schedule 1 hereto (the "Purchased Accounts"), to Midland Funding LLC ("Buyer") upon the terms and conditions set forth in that Agreement. This ASSIGNMENT AND BILL OF SALE is for the Purchased Accounts delivered by Seller to Buyer on June 17, 2013 with a Closing Date of June 28, 2013.

NOW, THEREFORE, for good and valuable consideration, Seller hereby sells, assigns and transfers to Buyer all of the Seller's rights, title and interest in each and every one of the Purchased Accounts described in the Agreement.

This ASSIGNMENT AND BILL OF SALE is executed without recourse or warranties except as stated and provided for herein and within the Agreement. All of the information contained in Seller's Accounts Information (a) constitutes Seller's own business records regarding the Purchased Accounts and (b) accurately reflects in all material respects the information about the Purchased Accounts in Seller's possession. All of Seller's Accounts Information has been kept in the regular course of Seller's business, and was made or compiled at or near the time of the event and recorded by (or from information transmitted by) a person (i) with knowledge of the data entered into and maintained in Seller's business records or (ii) who caused the data to be entered into and maintained in Seller's business records. It is the regular practice of Seller's business to maintain and compile such data.

Buyer and Seller agree that the Purchase Price shall be as stated in the applicable Closing Statement, delivered pursuant to the Agreement.

Capitalized terms used but not defined herein will have the meanings given them in the Agreement.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 28th day of June, 2013.

Bluestem Brands, Inc.

By: Mark Wagener
Title: Chief Financial Officer

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

1938381

**SCHEDULE 1 TO ASSIGNMENT AND BILL OF SALE**
**ACCOUNTS SCHEDULE**

The individual Purchased Accounts transferred are described in the final electronic file named [redacted] and delivered by the Seller to Buyer on or about June 17, 2013, the same deemed attached hereto by this reference.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

1938381



EXHIBIT
B

Your account is past due. To keep your account in good standing, please mail $620.22 today.

**Account Summary**

| | |
|---|---|
| Previous Balance | 1,960.22 |
| Payments & Credits | 0.00 |
| Purchases & Debits | 0.00 |
| **Fees Charged** | **0.00** |
| **Interest Charged** | **40.67** |
| New Balance | 2,000.89 |
| Credit Limit | 0.00 |
| Available Credit | 0.00 |
| Statement Closing Date | 05/09/13 |
| Days in Cycle | 30 |
| Past Due Amount | 520.18 |
| **Total Amount Due** | **620.22** |

**Interest Charge Calculation**

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Nondeferred | 24.90% | 1,960.22 | 40.67 |

APR's followed by (V) may vary.

**Payment Information**

| | |
|---|---|
| New Balance | 2,000.89 |
| **Minimum Payment Due** | **620.22** |
| Mail Payment By | 05/29/13 |
| **Payment Due Date** | **06/05/13** |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay: | You will pay off the balance shown on this statement in about: | And you will end up paying an estimated total of: |
|---|---|---|
| Only the minimum payment | 7 years | 3,065 |

If you would like information about credit counseling services call 1-888-364-2268. To avoid additional interest charges, pay the New Balance by the Payment Due Date.

| | Date | Order Number | Description | Amount |
|---|---|---|---|---|
| | TOTAL FEES FOR THIS PERIOD | | | 0.00 |
| **Interest Charged** | 05/09/13 | | Interest Charges | 40.67 |
| | TOTAL INTEREST THIS PERIOD | | | 40.67 |
| | TOTAL FEES YTD 2013 | | | 60.00 |
| | TOTAL INTEREST YTD 2013 | | | 193.56 |

NOTICE: See Reverse Side for Important Information

Inquiries Regarding Your Fingerhut Credit Account issued by WebBank: English 1-800-208-2500 En Español 1-800-659-3208

FINGERHUT.

Make payments online at fingerhut.com/MyAccount

Or tear off and return with your payment by mail. Make your check payable to Fingerhut.

| Account Number | MAIL PAYMENT BY | MINIMUM DUE | New Balance | Amount Enclosed |
|---|---|---|---|---|
| XXXX-XXXX-XXXX-0926 | 05/29/13 | $620.22 | $2,000.89 | |

Customer Number

#BWNHJFS
#2199495002 7#
KRISTY M PENNER
ENOLA AR

49450

Make your check payable to Fingerhut and mail to:

PO Box 166
Newark, NJ 07101-0166

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

1938381


**IMPORTANT NOTICE**

Your payment will be credited to your account on the same day we receive it if the bottom portion of this statement and your check are received by us on a processing day by 5:00 pm in the enclosed envelope at our processing center. Payments received after 5:00 pm will be credited on the next processing day. Please allow at least seven (7) days for postal delivery. Payments received at any other location, in another form or with other documents may not be credited the same day we receive the payment. Our processing days are Monday through Sunday, excluding holidays for payments received by mail. Payments received on holidays will be credited as of the previous processing day. When you send us a check as a payment, you authorize us to use information from your check to make a one-time electronic fund transfer from your deposit account, or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your deposit account as soon as the same day we receive payment, and you will not receive your check back from your financial institution. If your check is returned to us due to non-sufficient funds we may also re-deposit it through a one-time electronic fund transfer. You may also make a payment at anytime on your Fingerhut Account at fingerhut.com/MyAccount or via an automated phone payment at 1-800-[illegible]-2530. Online and automated phone payments will be posted as of the same day if made before 11:00 pm. If your statement shows a credit balance, you may request a refund of the credit by contacting Fingerhut Credit Services, at the address shown below. You may pay the entire balance on your account at anytime without incurring any additional charges for prepayment.

**PAYMENTS**

Make checks payable to Fingerhut and mail to:

Fingerhut Credit Account Services, P.O. Box [illegible], Newark, NJ 07[illegible]-0166

Please write your Fingerhut account number on your check. Do not send correspondence to this address. Mail your payment in the enclosed envelope with the payment coupon at the bottom of your statement.

**WHAT TO DO IF YOU THINK YOU FIND A MISTAKE ON YOUR STATEMENT**

If you think there is an error on your statement, write us at:

Fingerhut Credit Account Services, P.O. Box 1250, St. Cloud, MN 56395-1250

In your letter, give us the following information:

- *Account Information:* Your name and Fingerhut Credit Account number.
- *Dollar Amount:* The dollar amount of the suspected error.
- *Description of Problem:* If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement. You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following are true:

- We cannot try to collect the amount in question, or report you as delinquent.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**YOUR RIGHTS IF YOU ARE DISSATISFIED WITH YOUR CREDIT PURCHASES**

If you use your card to make a purchase and you are dissatisfied with the goods or services that you receive, you may have the right not to pay the remaining amount due on the purchase.

To use this right, all of the following must be true:

1. The purchase must have been made in your home State or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your card for the purchase.
3. You must not have yet fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at: Fingerhut Credit Account Services, P.O. Box 1250, St. Cloud, MN 56395-1250.

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

**CREDIT BUREAU DISPUTES**

If you believe we inaccurately reported credit history information about you or your Account to a credit reporting agency, call us at 1-866-734-0242 or write to us at: Credit Bureau Reporting Services, 6250 Ridgewood Road, St. Cloud, MN 56303. Please provide the Fingerhut Credit Account number along with a copy of your credit bureau report reflecting the information that you believe is inaccurate.

**HOW WE CALCULATE INTEREST CHARGES**

To calculate the interest charge payable each month, we multiply the average daily balance times the monthly periodic rate and, if applicable, add any deferred interest charge (see DEFERRAL PERIODS). Your monthly periodic rate may vary each billing cycle. The monthly periodic rate is determined by dividing the APR by 12. Your Account is subject to a minimum interest charge of $1.00. Average Daily Balance: We figure the interest charge on your Account by applying the monthly periodic rate to the "average daily balance" of your Account, including current transactions. To get the "average daily balance" we take the beginning balance of your Account each day, add any new purchases, charges and other fees, and subtract any payments or credits. Purchases subject to Deferral Periods described below are excluded from our calculation of the "average daily balance" until the day following the expiration of the Deferral Period. This gives us the daily balance. Then, we add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "average daily balance".

Interest charges begin to accrue on each purchase on the date of the purchase. However, if you paid the new balance on your previous Statement by the payment due date shown on the statement, then (1) if you pay the new balance on your current billing statement by the payment due date shown, we impose no interest charges on purchases during the current billing cycle, and (2) if you make a payment by the payment due date shown on your current billing statement that is less than the new balance, we will credit that payment as of the first day in your current billing cycle. In addition, if your Statement reflected a new balance and you did not pay that new balance in full by the payment due date on that previous statement, then we will not impose interest charges on any purchases during the current billing cycle if you pay the balance shown on your current Statement by the payment due date reflected on that current statement.

**DEFERRAL PERIODS**

WebBank may offer Accounts promotional credit offers. These offers include, but are not limited to, deferred interest offers or reduced payments with deferred interest offers. Special rules apply to these promotional credit offers, which are described at the time of the offer.

- The date, amount and description of each purchase are identified on your periodic statement for the period when you make the purchase.
- Each periodic statement contains a summary of all active deferred offers including unpaid principal balances, any accrued interest charges and the date which the principal balance (New Balance) of each plan must be paid in full to avoid interest charges in connection with your purchase.
- For offers with deferred interest, if you pay the deferred portion on or before the last day of the applicable deferred period you pay no interest charges in connection with your purchase. Otherwise, we add a deferred interest charge to your Account on the expiration date.
- We figure accrued interest charges each month by multiplying the average daily balance of each deferred balance by the monthly periodic rate.
- We do not count all deferred purchases for purposes of determining your available credit.

**NOTICE OF ASSIGNMENT:** The right to receive payment on your Fingerhut Account has been assigned by WebBank to Fingerhut.

**MARYLAND RESIDENTS**

Maryland law requires that if you send us a written request about the status of your account and we do not answer that request within 60 days after we receive it, you are not required to pay a finance charge for that 60 day period until we answer.

**QUESTIONS ABOUT YOUR STATEMENT**

E-mail us at customerservice@fingerhut.com

or call 1-800-208-2500 (English) 1-800-[illegible]-3200 (En Español)

61480 MM

---

**IMPORTANT!** Has your address, phone number, or e-mail address changed? If so, please fill in any NEW information in the spaces below and we will update your account.

Account

Phone

Name

Address

City

State

Zip

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector

E-Mail Address

Please provide your e-mail address for business transactions.

(We will not send promotional material without your permission.)

☐ Check here if you'd like to receive e-mails about Fingerhut special deals and events.

1938381

Filed in District Court of
Faulkner County
EXHIBIT
C

MIDLAND FUNDING LLC, as successor in interest to WEBBANK

Plaintiff

-vs-

KRISTY PENNER,

Defendant(s).

AFFIDAVIT OF MARY PIKKARAINE

14-4800

Mary Pikkaraine, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1. I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of MIDLAND FUNDING LLC, the plaintiff in this action. Plaintiff purchases portfolios of delinquent accounts from either the original creditor or a subsequent purchaser of the account, and thereafter assigns the accounts to MCM to be serviced. Plaintiff does not operate and / or maintain a computer system. MCM holds the computer records and account information for accounts purchased by plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's WEBBANK account (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

2. I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

AFFRECORD

1938381

of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3. MCM's records show that the defendant(s) owed a balance of $2000.89 as of 2014-06-24.

I certify under penalty of perjury that the foregoing statements are true and correct.

JUL 03 2014

Date

Mary Pikkaraine

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on JUL 03 2014, by Mary Pikkaraine.

EMILY PERSONS
Notary Public - Minnesota
My Commission Expires Jan. 31, 2018

Notary Public

My commission expires:

TN6
Finkelstein, Kern, Steinberg &Cunningham

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.